José Álvarez de la Vega, etc., Plaintiff and Appellant, *v.* Public Amusements and Sports Commission of Puerto Rico, Defendant and Appellee.

No. 9348. Argued April 1, 1947.—Decided May 22, 1947.

Rafael A. González for appellant. *Luis Negrón Fernández, Acting Attorney General (E. Campos del Toro, former Attorney General,* on the brief), and *Carlos Santana Becerra, Assistant Attorney General,* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the Court.

Federación Deportiva del Norte, a corporation not for pecuniary profit, is engaged in the promotion of sports in Puerto Rico through the holding of contests for amateurs in different sports. On January 9, 1942, the Public Amusements and Sports Commission designated a Boxing Committee "to study and submit a memorandum indicating errors, etc., if any, and to make the pertinent recommendations to the organization of this sport." After carrying out an investigation and upon examining numerous witnesses, among them, a representative of the plaintiff Federación, the Boxing Committee rendered a report censuring the Federación Deportiva del Norte and the Public Amusements and Sports Commission for the irregular manner in which both had directed boxing for amateurs in the past; and recommending that the Federación be declared a professional entity among the Puerto Rican sports so as "to avoid that in the future persons or associations may materially enrich themselves through the amateur sport in Puerto Rico."

On March 4, 1942, the defendant Commission, unanimously, declared the plaintiff Federación a professional entity "until the latter should render a satisfactory report of the use given to the monies received from the proceeds of the eliminatory

contests and the Boxing Series in Cuba, and, until it should prove, beyond any doubt, that it did not pay boxers Jesús Ríos, Alfonso Ortiz, and Jaime de Jesús for the exhibitions presented under the auspices of the above-mentioned entities."

Two years later, on July 7, 1944, the Federación Deportiva del Norte brought a suit for injunction against the Public Amusements and Sports Commission, and alleged that the latter had deprived it of its amateur status, without having had an opportunity to be heard and defend itself of any charges preferred against it; that subsequent to the rendition of the order by the Commission, the plaintiff took steps in order that its amateur status be restored, but such efforts were fruitless, plaintiff being forced to limit its sport activities. It was further alleged that if the order of the Commission should become effective, the plaintiff would suffer irreparable injury; and that the plaintiff lacked any other speedy and adequate legal remedy for the protection of its alleged right.

After a hearing to determine the propriety of the preliminary injunction sought, the lower court denied the petition, among other reasons, because in accordance with § 33 of Act No. 11 of 1934 "the writ of certiorari, which is the proper remedy, was available to the petitioner in the ordinary course of the law and this is so even if it has forfeited the same due to carelessness or negligence." The petitioner thereupon appealed and as an only assignment of error it urges that "the lower court erred in denying the petition notwithstanding the fact that it had been proved that the petitioner was deprived of its property without having been summoned or heard."

Section 33 of Act No. 11 of 1934, provides that:

"The decisions and resolutions of the Public Amusements and Sports Commission shall be subject to review by a court of competent

jurisdiction, exclusively through *certiorari* proceedings instituted within the ten (10 days) following the date on which such decisions or resolutions were rendered or adopted.''

The above-mentioned Act clearly and specifically provides that the exclusive remedy to judicially attack and review the decisions or resolutions of the Public Amusements and Sports Commission is by a writ of certiorari. Whenever a right is granted it must be exercised in accordance with the provisions of law. In the case at bar the plaintiff kept silent for about two years, at the end of which it filed a petition for injunction in the lower court seeking in this manner a review of the decision rendered by the Commission. This was not the remedy authorized by law. The plaintiff had available solely and exclusively the remedy of certiorari, by virtue of which, if the plaintiff had acted diligently, the court could have reviewed the proceedings had and the decisions rendered by the Public Amusements and Sports Commission. One of the most elementary principles of law is that injunction does not lie where an adequate legal remedy exists. *Moffett* v. *Buscaglia*, 64 P.R.R. 836; *Rivera* v. *Colón*, 62 P.R.R. 50. The petition for injunction was properly denied.

The order appealed from should be affirmed.